GAINOR *et al.* v. GAINOR.

Husband and wife : VOLUNTARY CONVEYANCE BEFORE MARRIAGE : MARITAL RIGHTS. A voluntary settlement or conveyance of property by a husband or wife prior to marriage, will be held fraudulent as to the marital rights of the other only when made in contemplation of the marriage, and pending a treaty therefor between the parties.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 27.

THIS is an action in chancery to enforce the conveyance by defendant of certain land to plaintiffs, who are the

widow and heirs at law of James Gainor, deceased, a son of defendant. The facts sufficiently appear in the opinion. The District Court dismissed the bill. Plaintiffs appeal.

*O'Neill & McNulty* for the appellants.

*Griffith & Knight* for the appellee.

BECK, J. — The alleged facts, upon which the relief is claimed, as set out in the petition, are, substantially, as follows: On the 30th day of June, 1861, James Gainor was, and had been for a long time, the owner in fee of the W. $\frac{1}{2}$ of the E. $\frac{1}{2}$ S. E. $\frac{1}{4}$ of section 18, T. 89, N. R., 2 W. On that day, without any consideration and for the purpose of defrauding plaintiff Mary Gainor, then Mary McLean, out of her marital rights, James Gainor conveyed said land to his father, Thomas Gainor, the defendant in this action. The defendant participated in this fraudulent design. James Gainor and plaintiff Mary were married on the 15th day of January, 1862, and immedithereafter moved upon the land and occupied it as a homestead. The husband made improvements upon and paid the taxes on the land, and continued to occupy it till his death which occurred May 5, 1867, and his family have since continued to occupy it. The defendant never had possession of said land nor received the rent thereof. Prior to the marriage of plaintiff, Mary, with James Gainor, both he and his father represented to her and to her father, that he was the owner of this land, and the fact that they believed he was the owner, induced both plaintiff and her father to consent to her marriage with James. They had no knowledge as to the ownership of the land except what was obtained from these representations.

The plaintiffs charge that the defendant intended to defraud the said Mary by concealing his title to said prop-

erty, and that her consent to the marriage as well as the consent of her father (she being then a minor), was obtained by means of such fraudulent representations as to the title of the land, and "upon the express condition and understanding that James Gainor was the owner in fee simple of said property." It is claimed by plaintiffs that the defendant holds the legal title to the land in trust for their use and benefit. In the petition, the plaintiffs claim that defendant also holds the title of another tract of land in trust for them, and ask like relief as to it; but before the cause was submitted to the District Court they dismissed their claim therefor.

I. The evidence is voluminous and conflicting. We will not undertake to discuss it at length. The preponderance of proof seems to establish the facts, that, at the time of the conveyance of the land by James, he was largely indebted to his father, and made the conveyance in payment of such indebtedness. These facts are proved by the positive testimony of two or three witnesses. Their evidence is attempted to be contradicted by that of other witnesses, who testify to declarations of defendant as to James' property, indebtedness, ownership of this land, etc., etc. While this evidence is not without force, and raises great doubt as to the facts, yet we are clearly of opinion that they are satisfactorily established by a preponderance of proof. The evidence of plaintiffs seems to tend more strongly to establish a gift of the property to James by his father, after or on the eve of his marriage, than to establish their theory of a conveyance by him to his father, without consideration, and in fraud of the marital rights of the plaintiff Mary Gainor. The evidence shows that this conveyance was made seven months before the marriage, and four months before any negotiations for marriage between the parties. But as the parties have not presented their claim to the lands

upon the ground of a gift by the father to the son, we cannot examine the case in that view.

II. Admitting that the allegations of the petition as to the conveyance being without consideration are sustained by the proof, plaintiffs would fail to establish their right to recover on the ground of attempted fraud upon the marital rights of Mary Gainor. This conveyance, as has been stated, was made seven months before the marriage and four months before the negotiations therefor began. It was utterly impossible that the conveyance could have been intended as a fraud upon Mary Gainor. She and James Gainor seemed to have had no thought whatever of uniting in wedlock until four months after the deed was executed. A voluntary settlement or conveyance of property by a wife or husband, prior to marriage, will be held fraudulent as to the marital rights of the one to whom she or he may afterward be joined in matrimony, only when made in contemplation of marriage, and pending a treaty of marriage between the parties. See 1 Leading Cases in Equity, 444, notes to *Countess of Strathmore* v. *Bowes;* Hill on Trustees (star page) 163, and notes.

*HUSBAND AND WIFE: of voluntary conveyance before marriage: marital rights.*

Entertaining clearly these views of the case, we are of the opinion that the decree of the District Court is in accordance with the law and the facts of the case, as developed in the record, and must be

