EZRA S. BALDWIN

*v.*

M. S. MURPHY *et al.*

1. APPEARANCE—*as waiving defective process.* Where a party appears and submits himself to the jurisdiction of the court, it is a matter of no consequence whether the summons is void or not, or even whether there is any process at all.

2. REMEDY—*for illegal arrest.* The remedy of a party who has been unlawfully arrested, and against whom a judgment has been entered upon such arrest, is in an action at law for such unlawful arrest, and not by a bill in a court of equity to enjoin the collection of the judgment.

3. ARREST—DURESS—*what constitutes.* Where an officer serves a warrant for the arrest of a defendant for violation of a city ordinance, by reading the same, and requests him to appear before the magistrate, and leaves him with-

out taking him into custody, such service does not amount to an arrest; and if the defendant appears before the magistrate and confesses judgment, he can not afterwards enjoin the collection of the judgment on the ground that he confessed the judgment under duress.

4. INTOXICATING LIQUORS—*towns not restricted to the same penalty pro. vided by the general law for sale of.* Where a special charter of a town, granted before the adoption of the present constitution, confers power upon the corporate authorities to impose fines or penalties for the unauthorized sale of intoxicating liquors, they are not limited or restricted to the same penalties imposed by the general law.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. M. MARVIN, Mr. H. B. AMERLING, and Mr. E. L. BED-FORD, for the appellant.

Mr. J. W. LUKE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The record in this case shows that appellant was a druggist in the town of Warren, in the county of Jo Daviess, in this State. On the 17th of December, 1874, one Jesse Wells filed a complaint, under oath, that, as he verily believed, appellant had violated an ordinance of the town by selling or giving away intoxicating liquors. The police magistrate thereupon issued a *capias* for the body of appellant, returnable forthwith, and delivered it to a constable of the town to execute. It was returned served by reading to the defendant, and he appeared before the police magistrate on the same day. The entry on the docket is this: " Defendant came into court and confessed himself guilty to the complaint, and authorized the court to fine him for the same, whereupon it is considered by the court that the defendant pay a fine of $100, and costs of suit, taxed at $4.55."

Defendant afterwards filed a bill to enjoin the collection of this judgment. The bill alleges that the magistrate had no jurisdiction to render the judgment, and all the proceedings in the case were void; that appellant was under duress and restraint of his liberty, and did not voluntarily consent to the

judgment against him; that the charter of the town only authorized a recovery of fines and penalties by an action of debt; that the ordinance of the town prescribed a penalty of not less than $25 nor more than $100 for each of such offenses; that the magistrate issued an execution on the judgment on the 27th day of February, 1875, and delivered the same to a constable to collect, who had levied it on the goods and chattels of appellant, and had advertised them for sale under the execution.

The answer admits the filing of the complaint, the issuing of the warrant and its delivery to the constable; but it is denied that appellant was arrested by the constable, but that the warrant was read to him, and he was not taken into custody. It admits the rendition of the judgment, the issuing of the execution, its levy, and advertisement for the sale of the property, etc.

On a hearing on bill, answer and proofs, the court below dismissed the bill, and from that decree complainant appeals, and assigns various errors.

We fail to perceive the slightest ground for maintaining this bill. All there is of it is, that a warrant was sued out for the arrest of appellant, for the violation of an ordinance, which was read to him, and he was requested to go to the police magistrate's office, which he did. When he arrived there, he pleaded guilty to the charge, and requested that officer to enter the fine. Now, this is the substance of the whole matter, and how it can be held to be a false arrest, or an imprisonment, or the compelling appellant, under duress, to confess a breach of the ordinance, is to us incomprehensible.

Appellant did not testify that the constable arrested him. He says that the officer went to his store and read the warrant to him, and said he must go to the magistrate's office, but on his requesting time to wait on customers, it was granted, and the officer left on his promising to go to the magistrate's office; that he went and saw the attorney for the town, who threatened him with other prosecutions if he would not settle the

case by confessing judgment for $100; but he says he felt like he was arrested.

The constable testified that he did not arrest appellant; that he read the warrant to him, and appellant asked the constable if he wanted him to go at once, and he replied, to try and get there in the course of twenty minutes or half an hour, and that he left and went to subpœna witnesses in the case. This is corroborated by the officer's return. It states that he served the warrant by reading, but there is not a word about an arrest. The constable testified that he would not have arrested him on that warrant without first taking counsel. This is all the pretense that an arrest was made, and we° do not see that it has any semblance of an arrest.

As to the coercion to compel appellant to confess the judgment, the evidence shows it is equally baseless. It is true, he talked with the town attorney, and he says that officer threatened to commence other prosecutions if he did not settle the case, and he admits that he consented that the judgment might be entered. The justice testified that he informed appellant that he could have a trial if he desired it, and could have time to employ counsel, procure witnesses and make other preparations for trial, but he declined. The justice testified in a manner to produce conviction, and is fully corroborated. He and another witness say that appellant replied that he supposed he had better settle it as the attorney proposed. The justice informed him that he could not enter a judgment by confession unless he consented, and asked him if he consented, and he replied that he did, and the judgment was entered up for the amount.

This evidence, of the truth of which we do not entertain a doubt, so far from showing coercion, shows that the justice treated appellant fairly and honestly, and cautioned him as to every right he had. He seems to have acted freely and voluntarily in everything he did. If it be said that the attorney threatened other prosecutions, the answer is, he knew whether or not he was guilty, and we must presume his knowledge of his guilt, alone, acted as a coercive power. If innocent, it can

not be fairly supposed that he would have pleaded guilty, and have consented that the fine might be entered. Such a supposition would be unreasonable. There is no pretense for saying that coercion was used, or that he was under duress.

As to all the objections taken to the complaint and warrant, it is only necessary to say, the only use of process is, to bring parties into court. Where, therefore, a party appears and submits himself to the jurisdiction of the court, that is all that is required, and it does not, in the least, matter whether the summons or warrant is void or not, or even whether there is a process or not, for the purposes of acquiring jurisdiction. Our reports are full of decisions to this effect. Then, whether the affidavit and writ were regular or void, is not of the slightest importance, as appellant voluntarily appeared, submitted himself to the jurisdiction of the court and confessed the judgment. It was his privilege to stand upon his rights and demand a trial, or waive them, which he chose to do, and must be barred by his action in the case.

Many authorities are referred to for the purpose of showing what constitutes an illegal arrest, and the liability incurred by an officer making such an arrest. Even if there was an illegal arrest, appellant should, if he desired redress, have brought his action at law. A court of equity is not the forum in which to seek relief against an illegal arrest.

It is urged that the trustees of the town transcended the powers granted them by their charter, in adopting the ordinance under which this proceeding was had. The charter provides that the president and trustees of the town shall have power to license, tax and regulate all places where spirituous and fermented liquors are sold in less quantity than one quart; and the board of trustees are given power to provide penalties, by ordinance, for the violation of the provisions of the charter. The ordinance adopted under the charter prohibits the sale or giving away intoxicating liquors, ale or beer. It prohibits druggists from selling or giving away intoxicating liquors, ale or beer, except for medicinal or sacramental purposes, and for the mechanical arts, and provides that they shall label and mark

490 Baldwin *v.* Murphy *et al.* [Sept. T.

Opinion of the Court.

the article containing the liquor, distinctly, as poisons and medicines are marked, and to keep a registry of the same, showing date, etc.; and any person found guilty of violating any provision of the ordinance, to be fined not less than $25 nor more than $100, etc.

This ordinance is fully authorized by the charter. The trustees are empowered to license the sale of liquors, and to regulate the traffic. Appellant was not required to accept a license on the terms the ordinance prescribed. If not satisfactory to him, he could decline to sell on the terms prescribed. We fail to see that the requirement that druggists should only sell for the purposes enumerated, or on the terms of labeling the package as prescribed, or of making the registry, and its production for inspection when required, was not authorized. This was not an unreasonable regulation of this traffic. In fact, the trustees, no doubt, had power to impose more onerous conditions, had they chose to inflict them.

It is said that this ordinance violates, or is repugnant to, the dram shop law of the State, as that imposes a fine of not less than $20 nor more than $100, and therefore the ordinance is void. The corporation is acting under a special charter, which gives the corporate authorities power to impose fines or penalties, but it is not limited or restricted to the same penalties imposed by the general law. This question is fully considered in the case of *City of Pekin* v. *Smelzel*, 21 Ill. 464, and in the cases there referred to and considered. Those cases hold that an ordinance imposing a penalty like this is not repugnant to the general law, and is not void.

The fact that the ordinances of the various cities, towns and villages, acting under special charters granted before the present constitution, differ in these provisions, and therefore violate the provision requiring uniform legislation, can not be raised to the dignity of a constitutional question. Hence, we deem it unnecessary to give it any further notice.

An examination of this record fails to disclose any error, and the decree of the court below is affirmed.

*Decree affirmed.*