## HAMILTON ET AL. v. SMITH ET AL.

1. **Conveyance: DURESS.** Where the evidence shows the conveyance was an intelligent, voluntary act, the facts that the deed was executed reluctantly, and after some threats had been made, are insufficient to establish undue influence or duress.

2. ——: **ANTE NUPTIAL: FRAUD.** A conveyance to children just prior to, and in contemplation of a second marriage, and without the knowledge of the wife will not be construed as a fraud on the rights of the wife.

3. ——: **UNRECORDED: NOTICE OF.** To constitute a valid notice of a prior unrecorded deed, it is not necessary the party should be satisfied of the truthfulness of the matters contained in such notice.

*Appeal from Warren District Court.*

SATURDAY, OCTOBER 22.

THIS action was brought against the defendant Barbara Smith to quiet title to forty acres of land in Warren county. After-

wards her husband, John Smith, filed a petition in intervention to set aside a conveyance made by him to the plaintiffs of one hundred and twenty acres of land in Marion county. The defendant, Barbara, in answer to the plaintiffs' petition admits that she claims an interest in the land in Warren county, as the plaintiffs aver. She says that she is the owner of the land by purchase from her husband who was before that time the owner, and while she admits that her husband executed a deed of the land to the plaintiffs before the conveyance to her, yet she says that her rights are paramount, because in the first place, the deed to them was obtained by undue influence and duress, and in fraud of her rights, and in the second place, was not filed for record at the time of her purchase, and she purchased the land and paid a valuable consideration for it, without notice, actual or constructive, of the plaintiffs' deed. The court rendered a decree setting aside the conveyance to the plaintiffs, both as to the land in Warren county and the land in Marion county. The plaintiffs appeal.

*McNeil* and *Stone, Ayres & Co.*, for appellants.

*Henderson & Berry*, for appellees.

ADAMS, CH. J.—The undisputed facts of the case are substantially as follows: In November, 1873, the intervenor, John Smith, was the owner of the land in controversy. He was a widower, and a little more than sixty years of age. He had three children, who are the plaintiffs in this action. On the 7th of November, 1863, he conveyed the land in controversy to the plaintiffs, reserving to himself a life estate therein. Four days afterward he was married to the defendant, Barbara. The conveyance to the plaintiffs was made by him after his engagement to her, and in contemplation of the marriage. The plaintiffs filed their deed for record in Marion county where one hundred and twenty acres of the land were situated, but failed to file it in Warren county where the forty acres were

situated. They never favored the marriage between their father and Barbara, and the want of harmony which existed from the first became more and more manifest, and occasionally resulted in open quarrels. In March, 1876, the father, discovering that the deed to his children had never been filed for record in Warren county, executed a deed of the land in that county to his wife, and she upon the same day filed the same for record. The plaintiffs' deed was filed in Warren county more than two years later. The plaintiffs having been informed of the claims and pretenses of their step-mother in regard to the land brought this action to quiet their title.

The plaintiffs moved to strike the petition for intervention from the files on the ground that it related to land in regard 1. CONVEY-    to which the plaintiffs had tendered no issue. The ANCE: du-
ress.    motion was overruled, and the plaintiffs excepted. In the view which we take of the case we do not need to determine the question presented by the exception. A somewhat broader question lies in our pathway, the determination of which, according to the view which we have taken will dispose of the intervenor's claim. He assails the validity of his deed to his children. As the validity of the same deed is drawn in question by the defendant, Barbara, as affecting the forty acres which she claims, we cannot evade its determination.

It is said that this deed was obtained by undue influence and duress. But, in our opinion, the evidence does not so show. It does show, it is true, that the intervenor executed it with great reluctance, and not without very persistent endeavors on the part of the grantees to induce him to do so. But there is no evidence that he was not in full possession of his powers and abundantly able to control his affairs in his own way. Not only so, but he sought the advice of eminent legal counsel, and was told by them that he was under no obligation to make the deed, unless he desired to. The pretense that he executed it under duress is, in our opinion, equally

groundless. He testifies himself to some threats of violence made by his children, but according to the great preponderance of the testimony, no such threats were made as amounted to duress. In our opinion the execution of the deed was an intelligent and voluntary act, done with the view of making what seemed to the intervenor at the time a proper disposition of the land.

A much closer question is presented in determining whether the deed can be sustained as against the defendant, Barbara, 2 ———: an- the grantor's wife. It was made without her te nuptial : frand. knowledge, upon the eve of marriage, and in contemplation of it. It has been frequently held that secret and voluntary conveyances made by a woman in contemplation of marriage are liable to be set aside upon the husband's application as a fraud upon his marital rights. *Tucker v. Andrews,* 13 Me., 124; *Jordan v. Black,* Meigs (Tenn.), 142; *Logan v. Simmons,* 3 Ired. Eq., 487; *Williams v. Carle,* 2 Stockt., 543; *Freeman v. Hartman,* 45 Ill., 57; *Carleton v. Earl of Dorset,* 2 Vern., 17; *St. George v. Wake,* 1 Myl. and K., 610. A corresponding rule as to fraud would doubtless apply to a husband who before marriage had made a secret transfer of his property which resulted in an injury to his wife. *Leach v. Duvall,* 8 Bush, 201; *Gainor v. Gainor,* 26 Iowa, 337; Schouler on Domestic Relations, 271. But it is said that in all such cases the question is as to whether the evidence is sufficient to show fraud. *Strathmore v. Bowes,* 1 Ves., Jr., 28. The secrecy of the conveyance would not necessarily show fraud. *Taylor v. Pugh,* 1 Hare, 613. And in 2 Kent's Com., 175, the author says: "If the settlement be upon the children of a former husband, the settlement would be valid without notice." Citing *King v. Colton,* 2 P. Wms., 674; *Jones v. Cole,* 2 Bailey Eq., 330. In the case at bar the settlement was made by the husband upon the children of a former wife. The fact that the settlement was made upon the very persons to whom the property would have descended, if their father had

died seized of the property, and intestate, and without a second marriage, constitutes a most important consideration. We can conceive that it may have been made with the profoundest desire to properly respect what seemed to him to be the claims of his children upon the one hand, and his intended wife upon the other. What other property he had the evidence does not show. That he had other property seems to be conceded. He proceeded immediately after marriage to make a will, which we infer was favorable to his wife. And in the very conveyance to the plaintiffs he reserved to himself a life estate, which, it must be deemed, would inure to her benefit during his life. In view then of the whole case as it is shown to us, we are not prepared to say that any fraud was intended, or that the law will necessarily construe what is shown to have been done as a fraud. If any imposition had been practiced upon her prior to the marriage by representations made by the husband respecting his property, the case might be different, but the evidence shows affirmatively that no representations concerning his property were made.

The defendant, Barbara's, claim that she is a purchaser for value, without notice, presents an independent question. If

3. ——: un- she is such purchaser, of course her claim to the
recorded
notice of. property must be sustained. But in our opinion, she is not. To say nothing of the want of evidence of payment of a consideration, we think it very clearly appears that she had notice. She did not, it is true, see the deed, but she admits that she was told by the grantees themselves that they had such deed. She claims that this did not constitute notice, because she did not believe their statement. But it is not necessary to constitute a valid notice that the party notified be satisfied of the truth of the matter contained in the notice.

In our opinion, the decree of the District Court must be

REVERSED.