JEROME F. RENDLEMAN

*v.*

ELIZABETH RENDLEMAN.

*Filed at Mt. Vernon June 14, 1895.*

1. WITNESSES—*competency—wife cannot testify for husband.* In a suit in chancery by a husband to cancel a deed for duress, his wife is not a competent witness in his behalf.

2. DURESS—*to avoid deed—mere threats, vexation and annoyance are not.* Mere vexation, annoyance and threats of imprisonment for which there is no ground, and threats of criminal prosecution, do not constitute duress, where no proceeding has been commenced and no warrant issued.

3. SAME—*showing a pistol and slapping, to compel signing.* Showing the grantor in a deed a pistol, and slapping him, to induce him to sign, which took place some time before the signing occurred, do not constitute duress, where it appears the grantor did not conclude to sign until afterwards, upon deliberation and after taking advice.

4. DEEDS—*consideration for, imported by seal.* The seal upon a deed imports a consideration for the making thereof, and in the absence of fraud the grantor will be bound, though nothing was paid.

APPEAL from the Circuit Court of Jackson county; the Hon. J. P. ROBARTS, Judge, presiding.

W. W. BARR, for appellant:

Duress of the person is either by imprisonment, or by threats, or by an exhibition of force which apparently cannot be resisted.    6 Am. & Eng. Ency. of Law, 57.

Menaces, which induce a fear of life, of mayhem or of imprisonment, may avoid a deed.    *Edwards* v. *Handley,* · Hardin, (Ky.) 602.

Free consent is the essence of every contract, and if there be compulsion there is no consent; and moral compulsion, such as that produced by threats to take life or to inflict great bodily injury, as well as that produced by imprisonment, has always been regarded as sufficient, in law, to destroy free agency.    *Bane* v. *Derrick,* 52 Ill. 26.

There was no consideration for the conveyance, and where there is no consideration, and undue means are used to procure the deed, equity will set it aside.    1 Story's Eq. Jur. sec. 239.

HILL & MARTIN, for appellee:

Complainant voluntarily did what was done, without any duress, and a conveyance so made, as between the parties, will not be disturbed.    *Lowry* v. *Orr,* 1 Gilm. 85; *Fitzgerald* v. *Forristal,* 48 Ill. 228; *Ward* v. *Enders,* 29 id. 519; *Choteau* v. *Jones,* 11 id. 300; *Wooldridge* v. *Gage,* 68 id. 157.

A voluntary grantor cannot take advantage of his own act, even where no consideration is paid.    ·*Willemin* v. *Dunn,* 93 Ill. 511.

To avoid a deed for duress there must be such acts as will take away the will power of the grantor.    6 Am. & Eng. Ency. of Law, 81.

Threats of criminal prosecution do not make out duress.    *Brower* v. *Callender,* 105 Ill. 88; *Lindsey* v. *Lindsey,* 50 id. 79; *Baldwin* v. *Murphy,* 82 id. 485; *Taylor* v. *Cottrell,* 16 id. 93; *Stover* v. *Mitchell,* 45 id. 213; *Bradford* v. *Chicago,* 25 id. 411; *Elston* v. *Chicago,* 40 id. 514.

Mr. JUSTICE BAKER delivered the opinion of the court:

On October 26, 1883, appellant and his wife conveyed to appellee certain lands situated in Jackson county. Thereafter appellant filed this bill, making appellee party defendant, to set aside and cancel that deed, on the alleged ground that he had been coerced into signing it through fraud and duress. Appellee thereupon filed a cross-bill, alleging a mistake in the description contained in the deed as to part of the land intended to be conveyed. Answers and replications were filed to the original and cross-bills. At the first hearing of the cause the court, after hearing the evidence, dismissed both the original and cross-bills. A rehearing was applied for and obtained. The cause was again heard upon the same evidence, and the same decree entered as at the first hearing. To reverse that decree this appeal is prosecuted.

At the hearing appellant's wife was permitted to testify in his behalf. This, manifestly, was error, and her testimony is therefore to be disregarded.

It appears that appellant and his wife lived about one and one-half miles from the town of Makanda. On the date of the execution of the deed in controversy one J. A. Wilson and Dennis Rendleman, son of appellee, with one Izri Hagler, a justice of the peace, went to the home of appellant. Wilson arrived there about dark. Dennis Rendleman and Hagler came later. Dennis Rendleman did not go into the house, but remained outside and sent Hagler in, telling him there was a man in there who would inform him for what he was wanted. Appellant testified that when he met Wilson in the house the latter told him that he was a United States officer, and had been sent there by the court at Springfield to get a deed from him and his wife to Mrs. Rendleman. Upon appellant's refusal to make the deed, Wilson said that if he could not get it one way he could another; that he would have him looking through the bars if he did not sign it. It further appears that after a half hour's rather

stormy conversation between appellant and Wilson, Hagler, the justice of the peace, came in. Appellant called him aside, and they, accompanied by appellant's wife, went into an adjoining room, leaving Wilson where he was. Appellant then asked Hagler's advice as to what he had better do about making the deed, and he replied that he would not tell him what to do for fear he would tell him wrong. Appellant next appealed to his wife, who said that she would have to do what he did. After a moment's reflection he said that he believed he would sign the deed. They then returned to Wilson in the other room, where, after some further parleying between appellant and Wilson, it was finally agreed that the deed should be made. Hagler thereupon drew up the deed, which was then signed by appellant and his wife, and acknowledged by them before Hagler. As a consideration for the deed Wilson tendered appellant one dollar, which the latter refused to accept. Appellant testified that Wilson had slapped him and shown him a pistol. There was, however, no third person present at the time those acts are alleged to have been done, nor was Wilson in court to deny or affirm the truthfulness of appellant's statement. Granting that he testified to the truth, yet the slapping and showing of the pistol occurred some time prior to the entrance of Hagler and to the determination on appellant's part to make the deed.

The question presented for our determination is, whether or not the foregoing state of facts constitutes such fraud or duress as should avoid the deed.

In *Willemin* v. *Dunn*, 93 Ill. 511, it was held that mere mental weakness will not authorize a court of equity to set aside an executed contract, if such weakness does not amount to inability to comprehend the contract, and is unaccompanied by evidence of imposition or undue influence. And in *Stover* v. *Mitchell*, 45 Ill. 213, and *Kerting* v. *Hilton*, 152 id. 658, it was held that in order to constitute duress, or such undue influence as will avoid an

executed contract, such a pressure must be brought to bear upon the person seeking such avoidance as to interfere, in some way, with the free enjoyment of his rights of person or of property. The record before us does not show that any such pressure was brought to bear upon appellant as could have interfered, in any way, with the free enjoyment of his rights, either of person or of property. At most, he was but threatened, vexed and annoyed. The threats, moreover, were made some time prior to the entrance of Hagler and the execution of the deed. How they could have so affected his mind with terror as to have induced him to afterwards sign the deed is not easily understood, for at its execution both his wife and Hagler, a disinterested person,. were present, and one Smith, an employee of appellant, and likewise a disinterested person, was about the house, and so there could not possibly have been any ground for believing there was present danger. And mere threats of imprisonment, for which there is no ground, do not constitute duress, as the person threatened could not be put in fear thereby. Nor do threats of criminal prosecution constitute duress when neither warrant has been issued nor proceedings commenced. (6 Am. & Eng. Ency. of Law, p. 64, note 1, and cases cited.) In *Hamilton* v. *Smith,* 57 Iowa, 15, it was held that where the evidence showed the conveyance was an intelligent, voluntary act, the fact that the deed was executed reluctantly and after some threats had been made, was insufficient to establish undue influence or duress. See *Baldwin* v. *Murphy,* 82 Ill. 485.

The case of *Bane* v. *Detrick,* 52 Ill. 19, relied upon by appellant, was different in its facts, and far stronger, than the case at bar. There the threat of arrest and imprisonment was made by a sheriff, having in his hand at the time a warrant for the arrest of plaintiff (Detrick), and also a writ of attachment, under which he was about to remove his goods. The evidence of terror produced

upon the mind of the plaintiff was unmistakable. For that and the further reason that the mortgage was executed through a perversion and abuse of criminal process it was held to be void.

The vexation and annoyance to which appellant was subjected will not justify the setting aside of this deed, for it was knowingly executed, and acknowledged in due form. In *Brower* v. *Callender*, 105 Ill. 88, it was held that under such circumstances there would be no justification for canceling a deed, unless it were shown that the mind was in that condition that by reason of such vexation and annoyance a state of insanity was produced, which existed at the time of executing and acknowledging the deed. The evidence in this record could not possibly be so read as to show that appellant was in any such state of mind at the time he signed and acknowledged the deed. On the contrary, it appears that he had judgment enough to consult both his wife and Hagler, to argue with Wilson, and to think over the matter himself, before he finally signified his willingness to do what Wilson demanded.

Appellant cannot be heard to say that because he refused to accept the proffered dollar there was no consideration, and the deed should for that reason be canceled, for his seal upon the instrument imports a consideration, and by this he is bound, because there was no fraud practiced upon him. It does not appear that he expected any consideration other than the one dollar, and he cannot blame appellee for his own act in not accepting it when it was tendered him. *Fitzgerald* v. *Forristal*, 48 Ill. 228; *Willemin* v. *Dunn*, *supra.*

We are of the opinion that appellant has not made out such a case as would entitle him to the relief prayed for. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*