ANNA MARIE ANDERSON v. ANTON ANDERSON, CHARLEY ANDER-
SON, ESTER ANDERSON, IDA ANDERSON, AND ANTON ANDER-
SON, AS ADMINISTRATOR, WITH THE WILL ANNEXED OF THE
ESTATE OF VICTOR K. ANDERSON, DECEASED.

Opinion filed March 21, 1908.

**Deeds — Duress — Evidence.**

　　1. Before a conveyance of real property will be set aside as hav-
ing been given under duress or menace, the proof must be clear,
specific and satisfactory.

**Same — Validity — Evidence.**

　　2. Before a deed of real property will be set aside as having been
executed through the influence of threats of violence or arrest, the
proof must show that the deed was executed under the influence
of such threats, and while the will was overcome by reason of such
threats or duress or menace.

**Same — Question of Fact.**

　　3. Whether a deed was executed under the influence of threats
is a question of fact in all cases depending upon the circumstances
of each particular case.

**Same — Sufficiency of Evidence.**

　　4. Facts recited in the opinion *held* to show that a deed was
not executed under the influence of threats.

Appeal from District Court, Griggs County; *Burke*, J.

Action by Anna Marie Anderson against Anton Anderson and
others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Pierce & Tenneson* and *A. W. Cupler*, for appellant.

To constitute duress the means adopted need only be such as to
overcome the will of the injured party, without reference to his
mental weakness or strength. Neb. Mut. Bond Assn. v. Klee, 97
N. W. 476; Galusha v. Sherman, 81 N. W. 495; Ice v. Ice, 83 S.
W. 135; Benn v. Pritchett, 63 S. W. 1103; Mack v. Prang, 79 N.
W. 770; State Bank v. Hutchinson, 61 Pac. 443; Bentley v. Robson,
76 N. W. 146; Giddings v. Bank, 74 N. W. 21; First National
Bank v. Sargent, 91 N. W. 595; Parmentier v. Pater, 9 Pac. 59;
Hackley v. Headley, 8 N. W. 511.

*Parks & Olsberg,* for respondents.

One is estopped to assert his own fraud. Williams v. Klink, 51 N. W. 453; Judge v. Vogel, 38 Mich. 369; Dyer v. Homer, 22 Pick, 253; Wearse v. Pierce, 24 Pick. 141.

To constitute duress, the threat must be an adequate cause controlling the will, and the injured party must have acted under it. Wolf v. Bluhm, 70 N. W. 73; Bennett v. Luby, 88 N. W. 37; Rochester Machine Tools Works v. Weis, 84 N. W. 866; Mack v. Prang, 79 N. W. 770; Galusha v. Sherman, 81 N. W. 495.

If no objection is made to testimony, none can be made to an amendment to conform to it. Sections 6883, 6886, Revised Codes. 1905; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310; Hogan v. Klabo, 13 N. D. 319, 100 N. W. 847; Mannin v. Winters, 7 Hun. 482; Tyler v. Bowen, 100 N. W. 505; Maul v. Steele, 104 N. W. 4; Adams v. Castle, 67 N. W. 637.

MORGAN, C. J. This is an action brought to set aside and cancel a deed of 480 acres of land situated in Griggs county, N. D., and another deed to certain lots situated in the village of Hannaford, Griggs county, N. D. These deeds were given to the plaintiff by Victor K. Anderson on August 17, 1906. The allegation of the complaint on which the court is asked to set aside said deeds is as follows: "That said deed * * * was procured from this plaintiff by the said Victor K. Anderson representing to her that the conveyance theretofore made could be by legal proceedings set aside and was of no value whatever, and that, unless she consented to such reconveyance, he would immediately cause such legal proceedings to be commenced, and would further cause this plaintiff to be arrested for having fraudently obtained said conveyances, and by an arrest of her person compel her to make such reconveyance; that the said Victor K. Anderson further informed this plaintiff that unless she would consent to such reconveyance he would cause her bodily harm in that he would cause the premises which the plaintiff then occupied to be set on fire while she was asleep therein, and threatened generally by diverse means to take the life of this plaintiff and her minor child; and further called this plaintiff vile and obscene names, and then and there by threats attempted to commit violence upon the person of this plaintiff, all of which kept this plaintiff in fear of bodily harm and great mental anguish, and this plaintiff, by reason of the facts aforesaid, and not otherwise,

signed her name to said conveyances." The answer admits the execution of the deeds to the plaintiff, but alleges that the same were without consideration. It further alleges that these deeds were given under the express understanding that plaintiff was to reconvey the lands thereby conveyed to Victor K. Anderson whenever he should request the same to be done. It further alleges that the deeds which this action is brought to set aside were voluntarily executed and delivered to said Victor K. Anderson, and there is also a denial in the answer that any force or undue influence was used before said deeds were executed. The trial court made findings of fact and conclusions of law for the defendants to the effect that the deeds from the plaintiff to said Victor K. Anderson were freely and voluntarily executed and delivered, and that they were executed without undue influence.

The plaintiff appeals from the judgment entered on the said findings of fact, and demands a trial de novo, under the provisions of section 7229, Revised Codes 1905. The facts brought out in the evidence are substantially as follows: In the year 1904 Victor K. Anderson's wife died and his children left him. In that year he went to Sweden, and there met the plaintiff, his niece. They entered into a contract there, under which she and her child were to come to North Dakota with him, where she was to keep house for him, and was to be paid therefor by him. She accompanied him to North Dakota and kept house for him, pursuant to the contract. In July, 1905, Victor K. Anderson deeded all his land to her, and also conveyed to her all his personal property. She paid no consideration whatever for these conveyances of property to her. It is well established by the evidence that the property was transferred to her for the purpose of avoiding a levy thereon by a creditor of said Anderson. The plaintiff admits in her testimony that there was no consideration for the transfer of this property to her, and admits that Anderson was the real owner thereof during all this time. He managed the farm and took care of the property the same as though it was his own. He received all the proceeds of the same also. In 1905 the land was rented to a third party, who farmed it. The lease was signed by the plaintiff, but all the terms thereof were arranged by said Anderson. During the summer of 1906 the said Victor K. Anderson was guilty of violence towards the plaintiff, and assaulted her upon one occasion, and she procured his arrest for assault and battery upon her, and he was fined $20 after

a trial. The said Victor K. Anderson, during the summer of 1906, brought an action against the plaintiff in this case to compel her to reconvey to him the land and property which he had previously transferred to her. The plaintiff employed counsel to defend said suit, and while the suit was pending the parties met and agreed that the said Victor K. Anderson should convey all of his land to the plaintiff for the sum of $5,000, and that the plaintiff should execute to the said Victor K. Anderson a mortgage upon said land and nine promissory notes. No cash was paid upon this transaction, and the notes were never delivered to Anderson, but were placed in the hands of a third party to be held until the title to the lands was shown to be free and clear of all incumbrances and a certain lis pendens released of record. The date of these deeds and mortgage was the 17th day of August, 1906. As matters now stood, the plaintiff had the record title of all these lands by two separate deeds. The plaintiff went into possession of the land after these last deeds were delivered, and Victor K. Anderson requested to be allowed to remain in the house for a few days until he had settled his affairs. The plaintiff claims that during these three or four days Victor K. Anderson demanded a reconveyance to her of all of his property and threatened to have her arrested, called her vile and abusive names, and tried to assault her, and placed her in fear of violence, and that, while acting under such fear and the fear of the repetition of such acts, she reconveyed the property to him. On the day after these threats had been made the plaintiff, without further threats, accompanied the said Victor K. Anderson in a buggy to Hannaford, where the conveyances were executed and delivered to the said Victor K. Anderson on the 17th day of August, 1906. While at Hannaford she and Anderson seemed to be friendly towards each other. While there she had ample opportunity to avoid him and refuse without danger of injury to sign the deed. The notes and mortgage have not been paid nor any part thereof. No attempt has ever been made to collect them. The parties seemed to have considered them of no binding force. Defendants offered to secure a delivery of them in court for cancellation if the court should find that they were ever delivered. The said Victor K. Anderson died on the 24th day of January, 1907. During the time intervening between the giving of the deeds and the death of the said Anderson the plaintiff made no effort to have the deeds set aside, and did not state to any one that she had reconveyed the land

to said Anderson under fear or undue influence. She stated to one or more persons that she had reconveyed to Anderson because she took pity on him. When the deeds of August 13, 1906, were executed and delivered the plaintiff was represented by counsel at the negotiations, and it is claimed that Anderson was induced to make these conveyances through threats and undue influence brought to bear upon him during these negotiations, and the trial court found that Anderson executed these conveyances on account of such undue influences. Whether that finding is based on the evidence or not is not material in this action. Hence it will not be considered. The real estate involved is conceded to be worth $14,000.

We think that the evidence clearly shows that the plaintiff is not entitled to recover in this action. The burden is upon her to show that the deed was not her free and voluntary act. The presumption is that the deed is valid and binding, and this presumption will not be overcome by barely preponderating circumstances. On the contrary, duress, menace, or undue influence must be shown by evidence of the clearest and most satisfactory character before the deed will be set aside. In Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58, the court said: "Hence courts have, with great uniformity, in this class of cases, required the proof that should destroy the recitals in a solemn instrument to be clear, satisfactory and specific, and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt." McGuin v. Lee et al., 10 N. D. 160, 86 N. W. 714. It must appear that the deed would not have been given if the threats or undue influence had not been used. Unless it is clearly shown that the deed was given under the influence of fear, it will be deemed to have been given freely and voluntarily. The apparent consent will be deemed real, unless affirmatively shown to have been overcome by duress, menace, or fear, or undue influence. These general principles are statutory in this state. Sections 5288, 5289-5291, Revised Codes 1905.

Upon consideration of all the evidence we conclude that the deed was given freed from any undue influence, with consent uninfluenced by the former influence of Anderson, and in recognition of her moral duty to reconvey such property. Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60. It is conceded that Victor K. Anderson had been guilty of violence and abuse toward the plaintiff. When under the influence of liquor he was abusive towards the plaintiff.

At other times he was not guilty of such conduct towards her. Reprehensible as his conduct was towards her at times, that fact does not necessarily determine the real issue in this case. The controlling question is, what was her state of mind when she reconveyed the property to him on August 17th? She herself says that she had no fear of him at that time. What transpired during the execution and acknowledgment of the deeds, as shown by the witnesses, amply corroborates this fact. From previous experience she knew that her lawyer could be reached for communication. She had no equitable claims to the land, as she had not paid anything for the deeds outside of her services for about two years, during which time she had been supported by Anderson, who also paid her expenses in coming from Sweden. She stated after giving the deed of August 17th that all she asked for was compensation for her services. She never made any claim to any one prior to Anderson's death that the land belonged to her. From August 17th to January 24th and some days thereafter she made no claim to any one that she was forced through fear to reconvey. Her statements relative to the reconveyance negatived any claim that undue advantage had been taken of her to secure the deeds. She is a woman twenty-five years of age, of fair intelligence and education, strong physically, and seems to be a woman of ordinary firmness of character. At all events no grounds for fear of violence existed when she signed the deed. She was then among her friends, and could have communicated with her lawyer. The threats of arrest made the day previous cannot alone constitute such duress or menace as will avoid the deed. No warrant had been issued, and no grounds existed for issuing one which were known to her. The evidence impresses us that she was not in any fear of physical violence or of imprisonment or of being burned through his act. Her acquiescence in the conveyance and utter failure to reveal to any of her friends that she was forced to reconvey for five months, and until Anderson's death, are very strong circumstances against her contention that the deed was signed under duress or menace or coercion. We are satisfied that she reconveyed the property freely, and without any influence upon her mind that can be said to make her act wanting in consent. Her will was not overcome. That being the case, the deed is valid. In such cases as this no general rule can be laid down as to whether contracts are freely entered into or not. Each case must depend upon its own facts. The

controlling question always is, was the consent freely and really given, or was the will overpowered by threats or force or fear? Considering all the evidence as to the character and intelligence of the parties and what was done, we are satisfied that the threats were not the moving cause for giving the deed. Rendleman v. Rendleman, 156 Ill. 568, 41 N. E. 223; Galusha v. Sherman, 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417; Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76.

The judgment is affirmed. All concur.