JOHN HELLEMONS, Respondent, v. JOHN KNUDSVIG, Appellant.

(189 N. W. 234.)

**Compromise and settlement — evidence held sufficient to support recission of leasehold settlement on ground of duress.**

In an action to recover damages for breach of an agreement to lease real property for a certain period of time and for deprivation of plaintiff's interest in certain personal property through alleged wrongful acts of the defendant, where the defendant claimed that the plaintiff had voluntarily surrendered his rights under the lease and had given a bill of sale for the personal property for an agreed consideration, it is *held*:

The evidence is sufficient to support the verdict in so far as it is based upon a rescission of the settlement on the ground of duress.

Opinion filed June 30, 1922.

Appeal from the District court of Dunn county, *Berry* J.

Affirmed.

*Thos. G. Johnson, Crawford & Burnett,* for appellant.

"The proof necessary to destroy the recitals in a written instrument must be clear, satisfactory and specific, and of such a character as to leave in the mind of the court no hesitation or substantial doubt." Jasper v. Hazen, 4 N. D. 1, 23 L. R. S. 58; McQuinn v. Lee, 10 N. D. 160.

*T. F. Murtha, T. H. H. Thorsen,* for respondent.

If there was fraud in securing the settlement—the bill of sale and surrender of the lease—then the plaintiff had a right to rescind the same demand back his property and sue for a conversion and ejectment. 9 C. J. 1159; 2 Black on Rescission, § 700 to § 706; 20 Cyc. 86-87; § 5833 N. D. Comp. Laws 1913; Clark v. N. P. 36 N. D. 502.

The plaintiff prevailed in the court below before a jury. A motion for judgment notwithstanding the verdict or for a new trial was made and argued and by the trial court denied. There was no demurrer to the complaint or reply. No objections are made to the instructions of the court to the jury. No substantial objection is made to the reception or rejection of the testimony. On this appeal for the purpose of testing the sufficiency of the evidence the same will be construed most strongly in favor of the plaintiff, and all evidence in favor of the plaintiff must be taken as true. Atkin v. Johnson, 28 N. D. 205; Ry. v. Lebeck, 32 N. D. 162; State v. Cary, 31 N. D. 67; Blackorby v. Tinther, 34 N. D. 248; Oakland v. Nelson, 28 N. D. 456.

The defendant's misrepresentations as to the law in regard to his rights to foreclose the chattel mortgage at once, and as to his right to prevent the plaintiff from selling any of the grain under the contract, were sufficient to constitute fraud. Section 5855 N. D. C. L. 1913; Silander v. Gronna, 15 N. D. 552; 1 Black on Rescission §.151; 9 C. J. p. 1169 § 22; 26 C. J. 1207-8-9; Holt v. Gordon, 176 S. W. 902; Schaeffer v. Blanc, 87 S. W. 745.

BIRDZELL, C. J. The action is one to recover damages occasioned by the plaintiff being deprived of the continued possession of certain real

property and of his interest in certain personal property through alleged wrongful acts of the defendant. This is an appeal from a judgment in favor of the plaintiff for $1,000 and costs, and from an order of the district court denying a motion for judgment non obstante or in the alternative for a new trial. The facts necessary to be stated are as follows:

In September, 1919, the plaintiff and defendant entered into a contract for farming on shares, lands belonging to the defendant, possession to be given to the plaintiff September 22, 1919, and to terminate November 1, 1921. The defendant sold and turned over to the plaintiff certain personal property to an agreed price of $3,000, to secure which the plaintiff gave his notes for that amount, drawing 10 per cent. interest, secured by a chattel mortgage on the property purchased, $300 of the principal sum falling due each year, beginning November 1, 1920. In addition to the property purchased, the defendant turned over to the plaintiff some cattle and hogs covered by a separate agreement, which provided for the plaintiff's supplying the labor and feed necessary to properly care for the stock and their increase, in return for which he was to have half the proceeds of the cattle and four-fifths of the hogs. The plaintiff entered into possession of the land in the fall of 1919 and farmed it the following year. The crop, consisting principally of wheat and oats, amounted to about 4,000 bushels, of which each party was to receive one-half. The plaintiff had likewise put up a considerable amount of hay upon the hay land. He had various accounts outstanding, which he would be unable to pay without the proceeds of the crop. The plaintiff's indebtedness, including the installment and interest due the defendant, amounted to at least $1,800 at the time the threshing was done.

It seems that the plaintiff desired to discontinue the contract and that the defendant wished to regain possession of the land and the other property, so negotiations were had looking toward this end. The plaintiff consulted an attorney who looked into the proposition with a view to ascertaining what he should be paid to relinquish his rights under the contract. After some investigaton and negotations, a bill of sale was drawn up, dated October 2, 1920, under which plaintiff turned back the property purchased and covered by the mortgage for a recited consideration of $100, but for an actual consideration of $50 in money, one hog, valued at about $30, and an agreement upon the part of the defendant to pay the plaintiff's outstanding accounts, surrender the chattel notes, and release the mortgage. Soon thereafter the plaintiff vacated the premises

and later consulted counsel with a view to bringing this action.

Plaintiff served a notice of rescission upon the defendant, rescinding "all agreements, conveyances, and bills of sale made by and between John Hellemons and John Knudsvig on or about the 2d day of October, 1920, * * * on the ground of fraud, duress and mistake," and demanding that the defendant return and restore the property taken. The notice was accompanied by a tender of $50 previously paid to the plaintiff.

The principal contention is that the evidence is insufficient to warrant a finding by the jury that the settlement contract was induced by duress and fraud. Reliance is had upon the rule that the proof necessary to destroy the recitals of a written instrument must be clear and satisfactory and such as to leave in the mind of the court no hesitation or substantial doubt. Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Anderson v. Anderson, 17 N. D. 275, 115 N. W. 836. The soundness of this rule was conceded by the trial judge, who instructed the jury as follows:

"You are instructed that, before the plaintiff can recover, the burden is on him to prove that the bill of sale was procured by fraud, duress, menace, or undue influence. The burden is on the plaintiff to show that the bill of sale executed by him was not his free and voluntary act. The presumption is that the bill of sale is valid and binding, and this presumption will not be overcome by a mere preponderance of the evidence. On the contrary, fraud, duress, menace, or undue influence must be shown by evidence of the clearest and most satisfactory character before the bill of sale will be set aside. The proof necessary to destroy the recitals in a written instrument must be clear, satisfactory, and specific, and of such a character as to leave in the mind of the jury no hesitation or substantial doubt."

The jury being properly instructed as to the degree of proof required, the question presented here is whether or not, in the light of the rule, there is sufficient evidence to justify the verdict. The issue of fraud, duress, or undue influence cannot be tried here de novo as in an equity case. There is substantial evidence to the effect that the defendant induced the plaintiff to relinquish his rights under threat of foreclosure, involving a deficiency judgment and continued embarrassment incident thereto; that the plaintiff was an immigrant, not familiar with our language or our laws; and that there were threats of expensive litigation and of arrest if he did not vacate the premises.

While it does appear that the plaintiff consulted his attorney before completing the transaction, the record does not negative the continued operation of the duress that might have induced the defendant's assent to the contract, if the jury should find it to have existed as claimed. It is unnecessary to state all of the evidence tending to establish duress. Suffice it to say that, in our judgment, it is sufficient to support the verdict.

The appellant also contends that there were certain errors in excluding evidence, to the effect that the defendant lost money on the transaction. We can see no prejudicial error in excluding the evidence referred to, for the record on the whole discloses that ample latitude was given to show what the defendant realized as a result of the deal.

The appellant argues further to the effect that the record shows that the plaintiff sustained no loss by reason of the transaction. This argument is supported by evidence, most of which is disputed, tending to show that less grain was raised than plaintiff contends for, that more of plaintiff's indebtedness was paid by the defendant than he gets credit for, and that amounts should be added on account of loss on cattle and other personal property for which plaintiff has made no allowance. A careful examination of the evidence leads us to the conclusion that there is ample evidence from which the jury could find that plaintiff had sustained damages in the amount of the verdict. We cannot, therefore, with propriety disturb the verdict on this ground.

We can see no merit in the contention that the notice of rescission is not sufficient. It was not incumbent on the plaintiff to return property of which he was entitled to possession under the reinstated contract. Some, if not all, of the benefits that he did not offer to return were conferred after the notice of rescission was served, and it amply appears that the defendant, under the instructions of the trial court, had full credit for such benefits.

The judgment appealed from is affirmed.

CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, J. (concurring specially). As it appears to me, the conclusions reached by the jury did justice between the parties. The evidence is sufficient to support the verdict.