First National Bank of Waverly, Illinois, Appellee, v. Charles Reynolds and Gertrude Reynolds, Appellants.

Gen. No. 8,379.

554

 Opinion filed February 3, 1930.
Rehearing denied April 4, 1930.

STONE, McLAREN & WEBB, for appellants.

ED. D. HENRY, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellants appeal from an order of the circuit court of Sangamon county, refusing to open or vacate a judgment entered by confession against appellants. The note on which the judgment was taken was signed on December 20, 1920, in Waverly, Morgan county, Illinois. On May 14, 1924, this judgment was taken in the circuit court of Sangamon county, Illinois. No execution upon said judgment was ever served on any of the defendants, and no one of the defendants ever knew that a judgment had been taken against them, or any of them, until the 28th day of February, 1929, at which time one of the defendants, Gertrude Reynolds, received a letter from the attorney who acted for appellee in taking the judgment, advising her that a judgment had been taken; that he controlled said judgment and that he would proceed in a few days to levy on her interest in certain property. As soon thereafter as appellants could move in the matter, they consulted counsel in Springfield, Illinois, and on the 6th day of March this proceeding to open said judgment for leave

to plead was begun. It was six days from the time appellants had notice that the judgment had been taken until this proceeding was filed. On the 12th day of March, 1929, said cause was heard in the circuit court of Sangamon county on the motion and affidavits thereto attached, which affidavits in brief state that A. C. Moffet, who was the president of appellee, threatened Charles Reynolds, the father of Gertrude Reynolds, with prosecution and imprisonment if they all did not sign the note in question for the purpose of taking up an overdraft of Charles Reynolds at the First National Bank of Waverly; that appellants signed said note in the fear that the said Moffet would carry his threat into execution and not otherwise; and that no consideration of any kind or character was given by A. C. Moffet or appellee to appellants for the signing of the note, as stated in the petition. As to the consideration for the note, the affidavit of appellant Charles Reynolds states that on December 20, A. D. 1920, he became indebted to appellee in a small amount, the exact amount of which the appellee does not now remember; that such indebtedness was incurred by means of overdrafts on his checking account which he then carried with appellee, which said overdrafts were well known to the said A. C. Moffet, who was then and there president of appellee, and who then and there as president and acting manager of appellee permitted this appellant to make said overdrafts on his account so carried with appellee. Whatever liabilities the cashier of a bank may incur to the bank by cashing an overdraft, it certainly is not an offense of any kind towards the bank for a customer to overdraw his account. Appellants' petition and affidavits presented no ground in law or in equity for which appellants should be permitted to plead. In *Rendleman v. Rendleman,* 156 Ill. 568, 572, the court held: "And mere threats of imprisonment, for which there is no ground, do not constitute duress, as the person threatened could not be put in fear thereby.

Nor do threats of criminal prosecution constitute duress when neither warrant has been issued nor proceedings commenced. (6 Am. & Eng. Ency. of Law, p. 64, note 1, and cases cited.) In *Hamilton v. Smith,* 57 Iowa 15, it was held that where the evidence showed the conveyance was an intelligent, voluntary act, the fact that the deed was executed reluctantly and after some threats had been made, was insufficient to establish undue influence or duress. See *Baldwin v. Murphy,* 82 Ill. 485.'' And the same rule is laid down in *Hintz v. Hintz,* 222 Ill. 248, 253, and *Huston v. Smith,* 248 Ill. 396, 400.

It is further held in *Farwell v. Huston,* 151 Ill. 239, 246: ''Yet, such relief will not be granted, if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered. *Colson v. Leitch,* 110 Ill. 504; *Hier v. Kaufman,* 134 id. 215.''

Appellants' petition shows that appellant Charles Reynolds owed the bank for overdrafts for the collection of which the statute of limitations has now run. It would be manifestly inequitable, in this proceeding, to aid him to defeat his honest debts. For the reasons stated, the judgment of the circuit court of Sangamon county is affirmed.

*Affirmed.*