## BUZICK v. BUZICK ET AL.

1. **Dower:** NATURE OF: PROTECTION FOR. Although the wife's dower during the life of her husband is inchoate and uncertain, yet it possesses the element of property to such a degree that she may maintain an action for its protection, and for relief from fraudulent alienation by her husband.

2. ———: FRAUD: SHERIFF'S SALE. Where the husband by negligence or fraudulent connivance permitted his son by a former marriage to obtain possession of his realty, by acquiring a sheriff's deed thereon, *held* that the proceeds, in excess of the amount of the judgment under which the property was sold, should be subjected to the wife's claim of dower.

*Appeal from Warren Circuit Court.*

WEDNESDAY, OCTOBER 4.

THIS is an action in equity to set aside a sheriff's sale and deed, and for general relief. Decree for plaintiff; defendants appeal.

*Bryan, Maxwell & Seevers,* for appellants.

*Henderson & Berry* and *Williamson & Parrott,* for appellee.

DAY, J.—On the 26th day of December, 1873, the plaintiff commenced this action in equity, to set aside a sheriff's sale, made by the sheriff of Warren county, on the 19th day of December, 1873, to the defendant Henry S. Buzick, of 160 acres of land in Polk county, and 20 acres of land in Warren county, the said land lying in a body. The plaintiff was married to the defendant, William Buzick, in 1856, and ever since that time they have lived together as husband and wife in Warren county. They have children, the issue of the marriage. At the time of the trial, plaintiff was fifty-one years of age, and her husband was seventy-eight. The defendant, Henry S. Buzick, is a son of William, by a former marriage. He resides in Kansas.

For the past eleven years the plaintiff has kept hotel in

Carlisle, in property deeded to her by her husband, in consideration of his being permitted to control and use the avails of the sale of certain of her property in Ohio. During that period the support of the family has almost, if not entirely devolved upon the plaintiff. Her husband has been traveling a circuit, preaching, for which he received nothing, and selling books and beehives, in which he earned but little. He has taken but little interest in the support of his family for the last ten or twelve years. He allowed the farm to get very much out of repair, and permitted it to be sold for taxes, and made no provision to redeem from the tax sales. In May, 1863, he borrowed of one William Buxton one thousand dollars, for which he executed his note bearing interest at ten per cent, secured by mortgage on the 180 acres of land in controversy, the plaintiff uniting in the mortgage for the relinquishment of her dower. Upon this he paid nothing except what was derived from his wife's property in Ohio, above alluded to.

On the 7th day of November, 1872, Buxton obtained a judgment in the Warren Circuit Court against William Buzick for $551, the balance due on said note, and procured a decree of foreclosure, and an order for the sale of the mortgaged premises on special execution. The plaintiff was made a party to this action. The defendant, William Buzick, stayed the execution for one year. On the 7th day of November, 1873, Buxton assigned the judgment to one Baugh, a son-in-law of the plaintiff. At this time Henry S. Buzick held tax sale certificates on all the land in controversy, and sixty acres in addition, and the time for redemption had nearly expired. Baugh redeemed the land in controversy from the tax sale, but by mistake did not redeem the sixty acres, and for that the defendant, Henry, obtained a treasurer's deed. On the 17th day of November, 1873, Baugh caused execution to issue on the judgment, which was levied on the mortgaged lands, and they were advertised to be sold on the 16th day of December, 1873.

On the 4th day December Wm. Buzick chose one appraiser, and gave notice in writing to the sheriff that he desired the

lands sold in a bulk. On the day fixed for the sale the plaintiff gave the sheriff a written notice to sell the lands in parcels, as designated on a plat which accompanied the notice. This notice requested the sale, first, of the 20 acres of land in Warren county, then the south-west of the south-west of section thirty-four; then the north-west of the south-west; then the north-east of the south-west, and last the south-east of the south-west of section thirty-four. Baugh was willing to bid the whole amount of the judgment, interest and costs upon the first two descriptions contained in the notice, being twenty acres of timber land and forty acres of timber and pasture. This would not materially have damaged the remainder, and would have left one hundred and twenty acres, including all the cultivated land, with the orchard, buildings, and plenty of wood and water. Upon receiving this notice the sheriff adjourned the sale until the 19th day of December. Upon that day he refused to sell the land in parcels, and sold the whole one hundred and eighty acres to the defendant, Henry S. Buzick, for $3,500, that being a little more than two thirds the appraised value, without deducting incumbrances.

The purchaser, Henry, paid upon this bid only $653.81, the amount of the judgment and costs, and William Buzick executed to him a receipt for $2,846.19, the remainder of his bid. This sum has never been paid, and it appears to have been the intention of both Henry and William that it never should be paid. On the 3rd day of January, 1874, the sheriff executed and delivered to Henry a deed for all the lands in controversy. On the 20th of October, 1874, plaintiff amended her petition, asking a cancellation of the deed. The defendant, William, testifies that "Henry was to fix it up and hold the land for me and my wife, and the children I have by her; the proceeds of this farm were to go to the family." But the defendant, Henry, testifies, "I told plaintiff that, after my father's death, if I had to pay off the debts in this way, I would not commit myself as to what disposition would be made of the property, nor be under any obligations to them," and it is in proof that he said "they can have the proceeds only so long as my father lives, after that the family are at my mercy." About one

week before the trial Henry obtained a package of money from his agent, J. B. Miller. This package was handed to the defendant, William, who, without counting it, placed it in a trunk which he locked, and handed the trunk and key to his son-in-law, who within one hour returned the package, without being opened, to Miller. This transaction gave Henry's conscience sufficient elasticity to enable him to swear that he had paid for the land the whole amount of his bid.

It would be a standing reproach to a court of equity if it were powerless to grant relief under the circumstances disclosed in this case.

It is claimed by appellants that the dower interest of the wife is inchoate and contingent; that she may die before the husband and then her estate would never vest, and that, during the lifetime of the husband she cannot be heard to complain, whatever disposition may be made of the property subject to dower. If this be so, the wife holds her dower entirely at the mercy of her husband, and he may, by confessing false judgments, and conniving with the purchaser at the sheriff's sale, always defeat her dower. A right which a court cannot protect, ceases to possess the essential qualities of a right.

1. DOWER: nature of: protection for.

Although the wife's dower during the lifetime of her husband is inchoate and uncertain, yet it possesses the elements of property. The relinquishment of dower constitutes a valuable consideration sufficient to support a conveyance of property to the wife. *Bullard v. Briggs*, 7 Pickering, 533. Its probable present value may be computed by the annuity tables. 2 Scribner on Dower, p. 6, note 5.

In *Bullard v. Briggs, supra*, PARKER, C. J., announcing the opinion of the court, used this language respecting the dower interest: "Though she had no actual estate in the dower during the life of her husband, yet she had an interest and a right of which she could not be divested, but by her consent or crime, or her dying before her husband. It was a valuable interest which is frequently the subject of contract and bargain; it was an interest which the law recognizes as the subject of conveyance by fine in England and by deed

with us.   It is more or less valuable according to the relative ages, constitutions, and habits of the husband and wife.   It is more than a possibility, and may well be denominated a *contingent interest.*"

The case of *Petty v. Petty*, 4 B. Monroe, 215, is fully considered and well reasoned, and is a direct authority in support of the right of this plaintiff to maintain an action for the protection of her dower.   That was an action by the wife to set aside a conveyance made by the husband, a few days before his marriage, of all his real estate to his children by a former marriage.   The plaintiff alleged that the conveyance was in fraud of her right of dower.   In the course of the opinion the court say: "But the question arises, whether she has such an interest in the lifetime of her husband as to maintain her bill.   She may not survive her husband, and consequently may never be entitled to a perfect right to dower,   *   *   * yet she might survive her husband, and in that event, would be entitled to a vested interest, but for the deed.   Though she has not a vested interest, yet she has, or would have had immediately on the marriage, but for the deed, a potential contingent right, of which she could not be deprived, and that right is valuable to her as affording her security for future maintenance, in the event of her surviving her husband, though it cannot be enjoyed while he lives.   Though contingent, it is a valuable interest, and may be sold, conveyed or released for a valuable consideration, and the law treating it as valuable, and as an existing incumbrance on land, has provided a solemn mode for its release, guarding the wife from imposition or influence from the husband, in the act of surrender.   It has been deemed in chancery a sufficient existing incumbrance, if not surrendered, to authorize the rescission of an executory contract for land.   May not a court of chancery, therefore, treat it as such a valuable interest, though contingent, as to free it from the embarrassments which the fraudulent acts of the husband have thrown around it, prior to, and in anticipation of, marriage?   We think it can.   The fraudulent deed has placed the plaintiff in a condition in which, by the lapse of time, the death and loss of witnesses,

or the sale of the estate to innocent purchasers, she might be forever barred of her right, unless she can have the immediate aid of the court to remove the incumbrance. She has a right to be placed in that condition which she would have occupied if the fraudulent deed had not been made, and to be protected against the danger of ultimate loss, if it be permitted to stand. That can only be accomplished by declaring the deed void as to her right of dower."

If a wife, during the lifetime of her husband, may maintain an action to set aside a deed made by her husband before marriage in fraud of her dower, *a fortiori* may she do so to set aside such a conveyance effected after marriage to defraud her of her dower.

The whole circumstances in this case show a deliberate purpose to vest the title to all William Buzick's real estate in his son Henry, for a merely nominal consideration, and thus defeat plaintiff of her dower rights. The transaction throughout bears ear marks of the very grossest fraud, at least upon the part of the son Henry. There may be some doubt, from the testimony, whether William intended to defraud the plaintiff, or was deceived by his son and made to believe that he would hold the property in trust for plaintiff and her children. It seems to us quite clear that plaintiff is entitled to relief.

The defendant, William, makes no complaint of the sheriff's sale, and, as it is not necessary to set it aside in order to the protection of plaintiff, it will be permitted to stand.

All the excess of the property, above enough to reimburse Henry for the amount paid on the Buxton judgment, will be held by him charged with and subject to the plaintiff's right of dower, and, if she should survive her husband, the one-third part of such excess shall be set apart to her in fee simple. The plaintiff will recover all the costs in the court below and here. Thus modified the judgment is

                             AFFIRMED.