HURLEMAN v. HAZLETT.

1. **Dower**: STATUTE OF LIMITATIONS.  A husband's right of dower, to which he has made no relinquishment, cannot be barred by the statute of limitations during the lifetime of his wife.

*Appeal from Bremer District Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action to quiet title to real estate.   The petition alleges that the plaintiff has been in the actual possession of

the property described for more than ten years, under color of title and claim of right.

The defendant disclaims any interest in or right to the property except the contingent right of dower as the husband of Margaret Hazlett, a grantor in the chain of title under which the plaintiff claims. The court rendered a decree for the plaintiff quieting his title as prayed. The defendant appeals.

*Ephraim Kinne*, for appellant.

*E. A. Dawson*, for appellee.

DAY, J.—The evidence shows that on the 21st day of March, 1856, Margaret Hazlett, by warranty deed, conveyed

1. DOWER: statute of limitations. the property in controversy to William Tallett, under whom, through several mesne conveyances, the plaintiff derived title on the 23d day of October, 1867. Margaret Hazlett is still living. At the time of the conveyance above named, the defendant John Hazlett was, and still is, her husband. The defendant did not join in the conveyance to William Tallett, and has not in any manner released his dower right in said property. The plaintiff took possession of the property in the fall of 1867, built a dwelling thereon in the spring of 1868, and has ever since been in the continuous possession thereof. The question involved in this case is, can the husband's right to dower, to which he has made no relinquishment, be barred by the statute of limitations during the lifetime of the wife? We hold, unhesitatingly, that it cannot be so barred. During the lifetime of the wife no action for the assignment or recovery of dower can be maintained. During that time it remains doubtful whether the inchoate right will become absolute and vested by the survivorship of the husband after the death of the wife. It would, indeed, be anomalous if a right should be barred by the statute of limitations before any action could be brought to establish and enforce it. The case of *Buzick v. Buzick*, 44 Iowa, 259, is cited. That case simply holds

that the wife's dower, though inchoate and uncertain during the life of the husband, possesses the element of property to such a degree that she may maintain an action to protect it from fraudulent alienation by the husband.   In that case the wife was not allowed to recover her dower or have it assigned, but it was simply ordered that the grantee of the property should hold it subject to the wife's dower right if she should survive her husband.

Upon the case made the court should have dismissed the plaintiff's petition.

REVERSED.