BECK v. BECK ET AL.

1. **Dower and Homestead:** CUT OFF BY VOLUNTARY CONVEYANCE WITHOUT FRAUD. Where a wife voluntarily joins with her husband in a deed of conveyance of land, no fraud being practiced upon her to induce her to do so, and the husband afterwards invests the proceeds of the sale of the land in other real estate, but causes the title thereto to be made to his son, the wife cannot, on the alleged ground of a secret intent on her husband's part to deprive her, by these transactions, of her dower and homestead interest in the property, have the title to the real estate so purchased decreed to be in her husband, to the end that she may have a right of dower and homestead therein. *Buzick v. Buzick*, 44 Iowa, 259, distinguished.

ADAMS and BECK, J. J., *dissenting*.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, JUNE 11.

THIS is an action in equity, by which the plaintiff· seeks to protect a right of dower and homestead, to which she alleges she is entitled in certain real estate. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*Stiles & Beaman*, for appellant.

*Sloan, Work & Brown*, for appellees.

ROTHROCK, CH. J.—It appears from the averments of the petition that the plaintiff and the defendant, Elias Beck, were married in 1870, and that they are still living together as husband and wife. At the time of the marriage, Elias Beck was the owner of a farm and a considerable amount of personal property. The defendant, Charles Beck, is the son of Elias Beck by a former marriage. Some five or six years ago the said farm and personal property were sold, the plaintiff joining in a deed of the real estate.

Afterwards Elias Beck invested a large portion of the proceeds of said farm and personal property in other real estate, and caused the same to be conveyed to his said son Charles. After the purchase of the last named real estate, the plaintiff and her husband Elias took possession thereof, and have since continued to occupy the same as their home.

It is charged in the petition that the purpose and intent of Elias Beck in selling his said farm, and in procuring the plaintiff to join him in the conveyance thereof, and in investing the proceeds in the premises which he subsequently purchased, and in taking the title thereof to his son instead of himself, was to place the property beyond the reach of the plaintiff, and fraudulently deprive her of her right of homestead and dower therein.

The prayer of the petition is that the plaintiff's dower and

homestead right be protected in the premises; that the full and complete title thereto be decreed to be in her husband, Elias Beck, and that the defendant, Charles Beck, be decreed to have no interest therein, and that he be required to convey the same to Elias. The demurrer was to the effect that the petition does not state facts sufficient to constitute a cause of action.

In the case of *Buzick v. Buzick*, 44 Iowa, 259, the husband of the plaintiff, by a fraudulent connivance, permitted his son by a former marriage to obtain possession of his realty by obtaining a sheriff's deed thereto. It was held that the proceeds of the sheriff's sale in excess of the amount of the judgment under which the property was sold should be subjected to the wife's claim of dower. In *Petty v. Petty*, 4 B. Monroe, 215, the husband, a few days before his marriage, conveyed all of his real estate to his children by a former marriage. The conveyance was set aside upon the ground that it was a fraud upon the wife's right of dower.

In the case at bar, the wife voluntarily united in the conveyance of the farm, which was the property of the husband at the time of the marriage. It is true, she alleges that her husband procured her to join in the conveyance, and purchased the other real estate, and caused the title thereof to be taken in the name of his son, with the fraudulent intent of depriving her of the right of homestead and dower. Now, while she alleges that these acts were done with a fraudulent intent upon the part of her husband, she does not aver that she was induced to release her dower by any fraudulent representations, nor even by any false promises. If she was not imposed upon and deceived by fraudulent acts or representations, and was not thereby induced to join in the conveyance, her act in making a release of her dower must be regarded as voluntary. The case differs in this respect from *Buzick v. Buzick*. In that case the wife made no release of her dower.

Suppose that the husband in this case had divided the pro-

ceeds of his farm among his children in the way of advance-ments, or had even thus given the whole of such proceeds to his son Charles, it is very plain that the plaintiff could not have followed the proceeds and claimed an interest therein as the wife of Elias Beck. She surely could not do this without at least averring and showing that she was induced to join in the conveyance of the farm by some fraud practiced upon her. The law is jealous of the rights of married women. It pro-vides, among other things, that her release of dower and homestead must be acknowledged to be her voluntary act, be-fore an officer authorized to take such acknowledgment. In the absence of some fraud practiced upon her to induce her to make such release, she ought not to be heard to complain that the proceeds have been used by her husband in such way that she is not again invested with homestead and dower rights.

We think the demurrer to the petition was correctly sus-tained.

AFFIRMED.

ADAMS, J.—*dissenting.* It is undoubtedly true that the plaintiff's husband might have made a valid gift of the pro-ceeds of the former farm, and the plaintiff would be remediless. But this is not what he did. He purchased another farm with the proceeds, and thereby became the owner, and the plaintiff became dowable in the same; but to defraud her he caused the title to be taken in the name of a son by a former marriage. According to the allegations of the petition, the husband is still the equitable owner. He might, of course, for any good reason, make his son trustee of the legal title, but he should not do it to defraud his wife. Having done it, I think that a court of equity should relieve her and furnish her protection. I think that the case falls within the princi-ple of *Buzick v. Buzick.*

MR. JUSTICE BECK concurs in this dissent.