Everitt v. Everitt.

## EVERITT v. EVERITT.

1. **Dower:** IN EQUITABLE ESTATE: ILLUSTRATION. Where a husband enters into an oral contract for the purchase of land, and takes possession thereunder, and subsequently pays the whole amount of the purchase price, he is the equitable owner of the land, and he cannot, by causing the vendor to execute a deed to his son by a former wife, deprive a wife who survives him of her dower interest in the land, but she may recover the same in an action against the son. (*Beck v. Beck*, 64 Iowa, 155, distinguished.)

*Appeal from Hamilton Circuit Court.*

THURSDAY, MARCH 10.

PLAINTIFF is the widow of George M. Everitt, deceased. The said George M. Everitt at one time was the owner of a quarter section of land. Before his marriage with plaintiff, he conveyed this land to K. Young. After the marriage of the parties, Young conveyed the land to defendant, who is the son of George M. Everitt by a former marriage, and his only heir at law. Plaintiff alleges that the conveyance to

Young was intended as a mortgage for the security of an indebtedness which Everitt was owing Young, and that Everitt continued to be the equitable owner of the property while the title was in Young, and that the debt secured by the mortgage was satisfied before the conveyance to defendant was executed; and prays that this conveyance be set-aside, and that one-third in value of the property be admeasured and set off to her in fee-simple as her widow's share therein. The circuit court granted the relief demanded, and defendant appeals.

*W. J. Covil,* for appellant.

*Kamrar & Boeye,* for appellee.

REED, J.—Before George M. Everitt conveyed the land to Young, he was indebted to him in an amount fully equal to two-thirds of the value of the property. The greater part of this indebtedness was secured by mortgage on the property, but a portion of it was not secured. The evidence shows, without any doubt, we think, that the conveyance was given in satisfaction of the indebtedness, and was not intended as a mortgage. An understanding was subsequently entered into, however, between the parties, by which it was agreed that Young would reconvey the property to Everitt upon the payment of the amount of the indebtedness. In pursuance of this understanding, Everitt made a number of payments to Young. The latter also received some rents for the premises. He also received $150 from a railroad company for a right of way over the land; and for these amounts he gave Everitt credit. When the conveyance to defendant was made, Young had received from all these sources an amount equal to the original indebtedness, with interest thereon. This conveyance was made to defendant by the direction of his father, such direction being given at the time of the execution of the conveyance. Soon after the agreement between Young and Everitt was entered into, the latter took possession of

the land, and erected a dwelling-house and other buildings thereon. He moved into this dwelling-house, and continued to live there with his family until his death, which occurred soon after the conveyance of the land by Young to defendant.

Counsel for defendant contended that the facts of the case brought it within the holding in *Beck v. Beck*, 64 Iowa, 155. But there is a clear distinction between the two cases. In that case the husband purchased real estate which he caused to be conveyed to his son. He paid for the property with money which he had derived from the sale of other real estate, in which his wife had had a dower interest, but which she had relinquished at the time of the sale. He purchased the property for his son, and paid for it at the time of the purchase, and he had no intention of taking or acquiring any interest in it himself; and we held that the wife was not endowed of the land. But in the present case the contract between Everitt and Young was entered into by the former in his own interest, and for his own benefit. He contracted for the purchase of the land, not for his son, but for himself. The interest and right which accrued in the land under the contract accrued in his favor. When he procured the conveyance to be made to his son, he simply caused those rights to be transferred to him. In the *Beck Case* the interests in the real estate acquired by the purchase accrued at once to the son. In this case they accrued to the father and were subsequently transferred to the son. But, if the interest so acquired was of such a nature as to give the wife a dower right in the property, it is clear that she would not be divested of that right by the conveyance to the son. The statute (Code, § 2440) provides that "one-third in value of the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee-simple if she survive him."

Under this provision, the question whether plaintiff has a dower right in the property depends upon whether the husband acquired a legal or equitable estate therein under the agreement with Young. The contract was by parol, but Everitt took possession under it, and made valuable improvements upon the property, and he continued in possession up to the time of his death. At the time he directed the conveyance to be made to defendant, the full amount of the consideration had been paid. At least, that is the fair inference from the evidence. That he was the equitable owner of the property at that time cannot be doubted. All that was required to be done in order to vest him with absolute ownership was the passing of the naked legal title to him; and that he was entitled to have done.

It is entirely clear that plaintiff is entitled, under the statute, to have one-third in value of the property set off to her.

AFFIRMED.