MARY E. WALLACE, v. O. A. WALLACE, G. N. WALLACE, W. F. WALLACE, T. L. WALLACE, J. E. WALLACE, A. B. WALLACE, C. L. WALLACE, CORA OFFICER, and MARTHA WALLACE and LAWRENCE WALLACE, Minor Children of C. C. WALLACE, Deceased, Appellants.

**Dower:** CONVEYANCE BEFORE MARRIAGE: PRESUMPTION OF FRAUD. A presumption of fraudulent intent to deprive the wife of her marital rights, which she would otherwise acquire, arises from a secret conveyance by the husband just prior to the marriage; even though there was no actual misrepresentation, and the conveyance was to his children by a former marriage.

**Same:** LIMITATION OF ACTION. The statute of limitations does not begin to run against the dower interest of a wife, in lands secretly conveyed by the husband in contemplation of their marriage, until her interest has become consummated by the death of the husband.

**Same:** ESTOPPEL. Mere knowledge by the widow that a grantee of lands, secretly conveyed by the husband in contemplation of their marriage, was about to purchase the interest of other grantees therein will not estop her from asserting her dower interest upon the death of the husband.

*Appeal from Lucas District Court.—* HON. M. A. ROBERTS, Judge.

TUESDAY, FEBRUARY 11, 1908.

ACTION in equity brought by plaintiff, as the widow of Thomas D. Wallace, who died on March 30, 1906, to set aside a deed of said Thomas D. Wallace to his children by a former marriage, which deed, as plaintiff alleges, was executed and recorded within two days prior to the marriage of said Thomas D. Wallace to plaintiff, without plaintiff's knowledge and without consideration, and with the fraudulent intent and purpose of preventing plaintiff from having and obtaining her dower interest in the real estate which said

deed purported to convey. After a trial on the merits there was a decree for plaintiff, awarding her a dower interest in the land in controversy, and the defendants, who are the grantees in the deed, and their wives and husbands respectively, or their heirs, appeal.— *Affirmed.*

*Stuart & Stuart* and *C. E. Hunn,* for appellants.

*Penick & Anderson,* for appellee.

McCLAIN, J.— The evidence shows that Thomas D. Wallace was, prior to March, 1890, the owner of two hundred acres of land which was described in a deed to his children by a former marriage executed on the 20th of that month and filed for record on the 22d, the marriage of plaintiff taking place later in the same day. The deed recited a consideration of $50, and contained a reservation to the grantor of the use and control of the land during his natural life. The evidence shows also that plaintiff believed at the time of the marriage that her husband was still the owner of the land and that he remained such owner until his death. Shortly after his death she discovered the existence of the deed in question, and brought this action to set it aside so far as it affected the interest which she would have had in the property as the surviving widow had no such deed been executed.

I. It is well settled that a secret conveyance in contemplation of marriage is fraudulent as to the spouse, the intent to deprive her of the marital rights which she would

1. DOWER: conveyance before marriage: presumption of fraud.

otherwise have acquired being presumed from the circumstances. *Beechley v. Beechley,* 134 Iowa, 75. It is conceded that this deed was executed by Thomas D. Wallace in contemplation of his marriage to plaintiff, and without actual knowledge thereof on her part until long afterward. Counsel for appellants contend that a presumption of fraud does not arise in such

cases where the conveyance is to children of a prior marriage, in good faith and without fraud, and rely upon *Hamilton v. Smith,* 57 Iowa, 15, and the cases therein cited. But in the *Beechley* case, *supra,* the prior decisions of this court were reviewed, and it was said: "In some of the earlier cases it was thought that a distinction should be made between silence or failure to disclose the true situation, and actual misrepresentation, as to property. The later decisions, however, and the weight of authority in this country, at least, hold that the ignorance of the spouse of a settlement or conveyance pending a treaty of marriage is fatal thereto, though no actual misrepresentations or deceit appear." We are still content with this statement of the law, and are satisfied that plaintiff is entitled to have the deed set aside, unless her rights have become barred by failure to bring action within the statutory period, or she has estopped herself by her conduct from asserting her rights as against the defendants.

II. It is contended for appellants that the evidence shows plaintiff to have had knowledge of the deed during the existence of the marriage and more than five years prior to the bringing of her action. Under the provisions of the deed the husband continued to enjoy the possession of the land, so that plaintiff had no notice by adverse possession that her husband was not still the owner. There was some testimony by one witness tending to show that the existence of the deed was referred to in plaintiff's presence, but the weight of the evidence supports the contention of plaintiff that she had no knowledge of it until after her husband's death. Without regard to evidence of knowledge on the part of the plaintiff that the deed was in existence, we are content to hold, however, following many of our own decisions, that the statute of limitations did not begin to run against the plaintiff's right to question the validity of the deed until her dower interest had become consummate by the death of her husband. *Lucas v. White,* 120 Iowa, 735; *Lucas v. Whitacre,* 121 Iowa, 251.

2. SAME: limitation of actions.

We have held that during the existence of the marriage relation a wife, by reason of her contingent right of dower, has such interest in her husband's real property as to sustain an action by her for its protection as against fraudulent alienation. *Buzick v. Buzick,* 44 Iowa, 259. But this case has been explained as holding simply that the wife during coverture has such an interest in her husband's real estate as to be entitled to equitable relief against fraudulent alienation by her husband during coverture, or other such action on his part as will tend to defeat her right of dower when it shall become consummate. *Hurleman v. Hazlett,* 55 Iowa, 256; *Beck v. Beck,* 64 Iowa, 155; *Lucas v. White,* 120 Iowa, 735; *Lucas v. Whitacre,* 121 Iowa, 25. We have never held that the wife during coverture could maintain an action to set aside a prior fraudulent conveyance of her husband, and we believe it would be against public policy to announce the rule that pending the coverture the wife must at the peril of being barred by the statute of limitations if she does not do so, institute an action against her husband and his grantee to set aside a conveyance previously made by him in fraud of her rights. We do not hold that in no case would the wife be entitled to equitable relief pending coverture, but clearly, while her dower right remains contingent, she is not in position to have that full and complete relief to which she becomes entitled after her right has become perfected by the death of her husband, and we are unwilling to countenance the contention made for appellants in this case that the present action in which plaintiff seeks to establish her right to one-third of the land in question, to which she would be entitled but for the fraudulent conveyance by her husband to the defendants, is barred because she did not institute an action for the protection of her inchoate dower right while coverture continued.

III. The estoppel relied upon is separately pleaded by the defendant G. N. Wallace, who alleges that, with the knowledge and on the advice of plaintiff, he purchased the

interests of two of the other grantees in the deed, believing

3. SAME: es-toppel.

that he was thereby acquiring their interest free from any dower right on the part of the plaintiff. We believe the evidence fails, however, to establish that the purchase by G. N. Wallace was made at a time when plaintiff had knowledge of the existence of the fraudulent deed, or under such circumstances as to estop her from questioning the validity of such deed as against him. Those from whom he purchased had, in any event, an interest in the property which G. N. Wallace acquired, and to which he will be entitled after the dower rights of the plaintiff are satisfied. Therefore the mere knowledge on the part of the plaintiff that G. N. Wallace was about to purchase the interests of other grantees would not indicate that such purchase was being made in reliance on the assumption that plaintiff had no interest in the property, and plaintiff was not therefore called upon to assert an interest which she would have reason to suppose was well known to G. N. Wallace. We believe that no case of estoppel is made out.

The decree of the trial court is *affirmed.*