ANGIE DASHNER, Appellant, v. FRANK E. DASHNER, Appellee.

ANGIE DASHNER, Appellee, v. EARL D. DASHNER and CLAY H. DASHNER, Appellants.

**Dower:** ANTENUPTIAL CONVEYANCE: PRESUMPTION OF FRAUD. A secret voluntary conveyance of property just prior to marriage, thus depriving the wife of marital rights she would otherwise acquire, raises a presumption of fraudulent intent, even though there was no actual misrepresentation and the conveyance was to children by a former marriage.

**Evidence:** COMMUNICATIONS WITH A DECEDENT. When a party is permitted without objection to testify to communications with a decedent, such testimony will not be ignored on appeal.

**Same:** FRAUDULENT CONVEYANCES: EVIDENCE. While a son may not testify to the terms of a contract under which his deceased father conveyed property to him, when objection is made, yet if eliminating such evidence it still appears there was a contract with reference to the land, that the son was in possession thereunder and had a vested right therein, that the father was under obligation to him by reason of the contract, there was a sufficient consideration and in the absence of fraud otherwise proven the deed should be upheld.

**Appeal:** ARGUMENT: CHANGE OF THEORY. A party who concedes in his opening argument on appeal the correctness of the trial courts finding will not be heard to present a different claim in his reply argument.

*Appeal from Mills District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, MAY 4, 1909.

ACTIONS in equity, brought by the plaintiff, as widow of Frank H. Dashner, who died on May 1, 1906, to set aside deeds made by the deceased to his children by a former marriage, which deeds were made the day before the marriage, and are alleged to have been made fraudulently and for the purpose of depriving the plaintiff of her prospective dower rights. There was a decree for the defendant in the first case, and for the plaintiff in the second case, and both parties appeal.—*Affirmed.*

*Gennung & Gennung* and *E. B. Woodruff,* for appellants.

*Flickinger Bros.* and *W. S. Lewis,* for appellee.

EVANS, C. J.—The plaintiff was married to the deceased on January 13, 1898. The deeds complained of were executed on the day previous. The deceased was the owner of five hundred and twenty acres of land. On the

date named the deceased executed and placed of record a deed to his oldest son, Frank E. Dashner, for eighty acres of land, being the N. ½ of the N. E. ¼ of a certain section 10. At the same time he executed another deed to his two minor sons, Earl D. and Clay H. Dashner, for two hundred and eighty acres, including the homestead, and described as the S. E. ¼, and the E. ¾ of the S. W. ¼ of said section 10. In the same manner he executed another deed of eighty acres, described as the S. ½ of the N. E. ¼ of said section 10, to his four daughters. The deeds reserved to the grantor a life estate in the lands conveyed.

The two cases above entitled are entirely distinct so far as the interests of the defendants are concerned, but they involve many of the same facts and legal questions.

1. DOWER: antenuptial conveyance: presumption of fraud.

They were therefore tried together upon the same evidence and were adjudicated by one decree. We will take up the second case for our first consideration. The case involves only a fact question, and it will serve no useful purpose to discuss the details of the evidence. The plaintiff contends that the facts of this case bring it in all respects within our holding in *Wallace v. Wallace,* 137 Iowa, 169. We think this contention must be sustained, although we come to that conclusion somewhat reluctantly.

There are circumstances appearing in evidence which tend to rebut the implication of fraud and secrecy, and which tend to show that there was an understanding be-

2. EVIDENCE: communications with a decedent.

tween the plaintiff and the deceased prior to the marriage as to the particular property provision which should be made for her. The plaintiff, however, was permitted practically without objection to testify fully to personal transactions and communications between herself and the deceased. In the absence of proper objections, we can not ignore this testimony, and from the very nature of the case defendants

have been unable to contradict it. In the state of the record therefore we see no escape from the conclusion that the case against these two defendants is ruled by the *Wallace* case, *supra*.

Turning to the other case, we find a materially different situation. The defendant Frank E. Dashner was the oldest son, who had lived and worked for his father a brief time after he was twenty-one years of age. The father purchased for him, under some arrangement between them, the N. E. ¼ of section 10, in the year 1895. The son went into possession under this arrangement about the year 1895, and so continued down to the death of the father. Prior to the execution of the deed he had made improvements upon the place. This arrangement provided for an annual rental to the father. This defendant testified to what the arrangement between him and his father was, but this was duly objected to, and we are required to sustain the objection and to ignore his testimony in so far as it involves personal transactions or communications with deceased. Eliminating this evidence the record does not disclose the terms of the contract between father and son, but it does disclose that there was a contract with reference to the land in question, and that the son had some vested right therein and was in possession of the land thereunder. For the purposes of this case therefore we do not deem it material to determine the terms of the contract between them. There was a contract, and the father was under some obligation by reason thereof. The trial court found that the deed to this defendant was made in pursuance of such prior contract. The evidence warrants this finding. The conveyance therefore was not voluntary, nor without consideration, and no presumption of fraud arose. Neither was fraud otherwise proven. We think therefore that the trial court rightly refused relief to plaintiff as to this eighty-acre tract.

3. SAME:
fraudulent
conveyances:
evidence.

As to the S. ½ of the N. E. ¼ of said section 10, which was conveyed to the four daughters, it appears from the evidence that in December, 1898, there was some exchanging of lands, and new deeds were executed covering at least a part of this tract, and plaintiff joined in the execution of some of the deeds. We are unable to determine from the abstracts just what was done on this occasion, but it is evident that there was a shifting of position among the children of the deceased involving this land, all of which was acquiesced in and aided by the plaintiff. The trial court properly held that she could claim nothing by reason of the conveyance of this particular tract.

It appears, however, that one of the daughters of the deceased died leaving no husband or issue, and that the deceased inherited from her an undivided one-half of the eighty-acre tract in question. The decree below found that the plaintiff was entitled to a distributive share in the undivided one-half of such eighty acres. This finding was acquiesced in by both parties. The appellee, however, in her reply argument to this court, advances the argument that the deceased had inherited three-fourths of the tract in question, instead of one-half thereof. In her opening argument she had already conceded the correctness of the decree of the lower court in this respect, and it is too late to present a new claim in her reply argument.

4. APPEAL: argument: change of theory.

The decree of the lower court is in all respects *affirmed.*