GEORGE W. GRECIAN, Appellant, v. ELMIRA E. STEELE, Appellee.

No. 39794.

NOVEMBER 12, 1929.

*Ralph H. Munro* and *T. A. Michels,* for appellant.

*Roberts & Roberts,* for appellee.

WAGNER, J.—Horace Steele, an old-time resident of Washington County, died testate, December 8, 1924, leaving the defendant, Elmira E. Steele, as his surviving widow, and six sons and daughters as his lineal descendants. Fannie Grecian, the wife of the plaintiff, and daughter of the testator, died in April, 1926. The testator was the owner of approximately 900 acres of land in Washington County. All of his children save one were engaged in farming enterprises. For some years prior to his death, his farmer children rented specific portions of his land at a very cheap annual rental, of from $3.00 to $3.50 per acre. During the same years, other land in the neighborhood was renting at from $7 to $8.50 per acre. That portion of the Steele land upon which plaintiff and his wife paid rent consisted of 160 acres. It is the plaintiff's claim that, during the period of the tenancy, he placed improvements upon said land at a cost to him of $3,443, and he asks that said amount be established as an equitable lien against said real estate.

On February 14, 1922, Horace Steele made a will, devising certain real estate in Riverside, comprising his homestead, and all of his household goods and kitchen furniture unto his wife. It is provided in said will that all the residue of his estate, both real and personal, shall be appraised by three disinterested appraisers, to be named by the court. He devised to his wife, in addition to the property hereinbefore mentioned, the one third in value of his estate, as determined by the appraisers. The devise to Fannie Grecian, the wife of plaintiff, is contained in Article 6 thereof, and is in the following language:

"After my said estate has been appraised as provided in Article 3 hereof, I will, devise and bequeath to my daughter, Fannie E. Grecian [here follows description of the 160 acres hereinbefore mentioned], she to take the same at the appraised value as provided in Article 3, and in determining said value any improvements which she may have put upon said land shall not be considered, and should said real estate at the appraised value amount to more than one ninth of my estate as determined by the appraisers provided in Paragraph 3, then all over said

amount of one ninth shall be charged against said real estate and my said daughter shall pay said sum to my estate to balance the other parts of my estate, and the title to said real estate is charged with the payment of the same and is incumbered to that extent.''

Similar provisions are made in the will for his other farmer children.

On December 16, 1923, the testator executed a codicil to his last will and testament, therein revoking the devise to his daughter Fannie and devising the same to his wife, the defendant in this action, under the same terms and conditions by which it was devised to his daughter in the original will. The original will and the codicil were admitted to probate, and the estate has been closed. The defendant, the surviving widow, elected to take under the will. It will be observed that Fannie Grecian received nothing from the property of her father by testamentary disposition.

It is alleged in plaintiff's petition, in substance, that, during the year 1912 and thereafter, Horace Steele orally advised him, the plaintiff, that it was his intention to devise unto Fannie Grecian, the wife of the plaintiff, the 160 acres hereinbefore mentioned, and orally advised him that if he, the plaintiff, would make certain improvements upon the real estate, he could depend upon it that the title to said lands would vest in his said wife, Fannie, and that, therefore, he did, upon the faith ''of said promises and agreement to devise said lands to plaintiff's wife,'' make the improvements. The defendant answered by general denial and several affirmative defenses.

At the close of the evidence, the plaintiff filed an amendment to his petition, stating that it was for the purpose of conforming the pleadings to the proof, and alleging:

''That the said Horace Steele, knowing that the plaintiff was making the improvements described in plaintiff's petition and the amendments thereto under the belief and upon the faith that the lands upon which they were being placed was to become the property of the plaintiff's wife, Fannie Grecian, knowingly suffered and permitted said improvements to be made by this plaintiff without making any objection thereto, all of which was well known to the defendant, Elmira E. Steele, at the time.

and she is now estopped from taking or claiming title to said premises without compensating the plaintiff therefor."

Upon trial, the court dismissed plaintiff's petition, and rendered judgment against him for costs. From this action by the trial court, the plaintiff has appealed.

It is undisputed that improvements were made upon the real estate. The appellant, as a witness, over proper objection by the appellee, gave testimony in support of the averments of his petition relative to a claimed conversation between him and his father-in-law. That he was an incompetent witness to testify as to a conversation between him and his father-in-law is so clearly apparent, by reason of the provisions of Section 11257 of the Code of 1924, that it does not require discussion. There is not a particle of competent testimony in the record from which it can be found that there was any contractual arrangement between the appellant and the testator relative to the improvements, or by which it can be found that there was any promise, either to the appellant or to Fannie Grecian, that he would will the 160 acres to appellant's wife. As hereinbefore stated, the provisions of the will relative to the devises to the other children of the testator were of a similar nature relative to improvements. The appellant called as a witness one of the brothers of his deceased wife, who gave the following testimony:

"Q. You say he permitted each of the children to handle the land as they pleased, and you said something about making improvements. What did he say, if anything, about who should pay for the improvements, or whether he would be responsible for the improvements? A. He made it definite to me that he was not responsible for those improvements. I have always had the impression if I didn't get the land I would lose my improvements that I put on. * * * He told me those words,—he said: 'If anything should happen that you do not get the land, it would be hard work getting the money for the improvements you put on there.' Because he didn't guarantee anything, felt like we were taking our own chance."

It is apparent that the testator knew of certain improvements which were being made upon the lands by his children, and that it was probably his intent, at the time of the arrangement for the leasing of his land to his respective children, to will

to each son or daughter the land upon which they respectively placed improvements; but the record is silent as to any express promise to either the plaintiff or his wife, Fannie, that he bound himself to devise the quarter section to Fannie. His original will bespeaks that he did not consider that he was under any financial obligation to the appellant. The aforesaid quoted provision of the original will, in which Fannie Grecian was devised the land, provides:

"And in determining said value any improvements which *she* may have put upon said land shall not be considered." (The italics are ours.)

This language is indicative that it was the testator's belief and conclusion that whatever improvements had been placed thereon had been constructed and paid for by her (Fannie), and not by him (George).

The appellant, in his brief, cites *Buzick v. Buzick*, 44 Iowa 259, and *Dennis v. Harris*, 179 Iowa 121, upon the proposition that the dower right, while an inchoate right, is of value, and is a right that the court will protect. While that is true, yet, under the record, the appellant had no inchoate right of dower in the 160 acres, because his wife was never possessed of any legal or equitable estate therein. See Section 11990 of the Code of 1924. The action is not founded upon, nor does the record show, any contract by which the wife, Fannie, had any interest which she could enforce by specific performance. See *Ranson v. Ranson*, 233 Ill. 369 (84 N. E. 210). It is quite clear that Fannie Grecian was not seized of any estate in the 160 acres in which the appellant was dowable.

The appellant cites cases supporting the proposition that, where a child by consanguinity or affinity enters into the possession of land with the father's consent, and has been induced by the parent to believe that he will receive the land, or an interest therein, by will or otherwise, and the child spends his money and labor to make improvements thereon, there can be a recovery by the child, by means of an equitable lien, for the cost of the improvements. Such are the cases of *Duckett v. Duckett* (Md.), 21 Atl. 323; *King's Heirs v. Thompson*, 9 Pet. (U. S.)* 204 (9 L. Ed. 102); *Dunn v. Dunn* (Tenn.), 51 S. W. 119; *Ranson v. Ranson*, 233 Ill. 369 (84 N. E. 210);

*Walker v. Neil,* 117 Ga. 733 (45 S. E. 387) ; *Burks' Admr. v. Lane Lbr. Co.* (Ky), 89 S. W. 686 ; *Pierson v. Hitchner,* 25 N. J. Eq. 129. Said proposition and the cases supporting it are not authority for appellant's claim in the instant case. It is not claimed by him that he had an interest in the real estate, or that he was to receive an interest therein from Horace Steele. It must be borne in mind that this action is not prosecuted by a personal representative of the Fannie Grecian estate, for and in her behalf, but by the appellant, in his own right. Neither is it an action founded on a claim against the estate of Horace Steele. Said estate is closed. Nor is it an action by the appellant against the Fannie Grecian estate for money paid by him for her. While appellant claims that he furnished the money for the improvements, it is quite probable that the income from the rented real estate was handled by the appellant, and that the profits therefrom, as well as the money which the appellant acquired from his separate estate, were placed in one common fund, as is usually done by husband and wife in such ventures.

What trouble arose, as between the appellant and the Steeles, or what motive induced the testator to execute the codicil to his will, revoking the devise to appellant's wife and bestowing the same upon the wife of the testator, is none of our concern.

The appellant's sole contention, as presented in his brief and argument, is that he is entitled to an equitable lien against the real estate for the cost of the improvements. For the reasons hereinbefore given, we hold against him as to said claim.— *Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.